IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | No. 19-00233-CR-W-BCW |
| MICHAEL A. CARNAGEY, | |
| Defendant. | |

**GOVERNMENT'S SENTENCING MEMORANDUM**

The United States of America, in anticipation of sentencing currently scheduled for May 27, 2020, respectfully provides the Court with the following sentencing memorandum. The Government expects to recommend a sentence at the top end of the Sentencing Guidelines range.

*A.* *Procedural History*

On July 3, 2019, the defendant was charged by way of criminal complaint with possession with the intent to distribute 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B). (Doc. 1) On July 16, 2019, a grand jury returned a true bill on a single count indictment, charging the defendant with possession with the intent to distribute 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B). (Doc. 11) The defendant appeared in open court on October 2, 2019, and entered a plea of guilty to the single count of the indictment. There is no agreement between the parties.

*B.* *Sentencing Guidelines Calculations*

On December 23, 2019, the United States Probation Office (the Probation Office) issued the final Presentence Investigation Report (PSR). (Doc. 21.) As reflected in the PSR, the

Probation Office calculated a base offense level of 24 pursuant to U.S.S.G. §2D1.1(c)(8) (PSR ¶12). The Probation Office applied a two-level enhancement pursuant to U.S.S.G. §2D1.1(b)(1) due to the presence of a firearm between the passenger seat and the center console of the defendant's vehicle. (PSR ¶ 13) Finally, the defendant's criminal history has been calculated as category IV and the defendant qualifies for the reduction for acceptance of responsibility. (PSR ¶ 19, 20, and 30) On this basis, the Probation Office concluded the defendant's advisory Sentencing Guidelines range is 70 to 87 months. As will be explained in more detail below, the Government does not believe the underlying facts of the case support the two-level enhancement for the presence of a firearm. In the event the Court determines the two-level enhancement for the possession of a dangerous weapon does not apply, the Government anticipates the defendant's Sentencing Guidelines range will be 57-71 months. The Government respectfully submits the factors enumerated in 18 U.S.C. § 3553 warrant a sentence at the top end of the Sentencing Guidelines range.

C. *Dangerous Weapon Enhancement*

The Sentencing Guidelines manual provides a two-level enhancement shall be applied to cases involving possession with intent to distribute a controlled substance if a dangerous weapon (including a firearm) was possessed. *See* U.S.S.G. §2D1.1(b)(1). When a firearm is present, this enhancement should be applied unless it is clearly improbable that the firearm is connected with the underlying offense. *See* U.S.S.G. §2D1.1(b)(1) note 11(A). In this case, despite the fact that the firearm was present in the same vehicle as the defendant's methamphetamine, the facts of the arrest in their entirety suggest the defendant had no knowledge of the firearm and as such, the enhancement should not be applied.

2

On July 2, 2019, Officer Ward with the Cameron, Missouri Police Department conducted a traffic stop of the defendant's vehicle after observing it traveling the wrong way down a one-way street. Officer Ward made contact with the defendant, who was the driver of the vehicle, and the front seat passenger, who was identified as John Green. Officer Ward asked if there were any weapons in the vehicle and the defendant responded that there were no weapons in the vehicle that he knew of. Officer Ward then asked Mr. Green if there were weapons in the car, and Mr. Green similarly responded that there were none that he was aware of. At this point, Officer Ward asked the defendant to step out of the car, which he did. After the defendant exited the driver's seat, Officer Ward saw a black container on the front seat. Officer Ward asked the defendant what was in the container, and the defendant responded, "drugs." The defendant went on to confirm he had been sitting on top of the drugs (methamphetamine), that the methamphetamine belonged to him, and that Mr. Green had nothing to do with the methamphetamine in the container.

While placing the defendant in handcuffs, Officer Ward observed Mr. Green reaching into his left pants pocket. Officer Ward asked Mr. Green if he had any weapons on his person and Mr. Green advised he did not and went on to state, "this is not my car, you can check if you want." Officer Ward then completed a full search of the car and located a Taurus handgun wedged between the passenger seat and the center console of the vehicle. A search of Mr. Green revealed approximately .6 grams of methamphetamine from his front pants pocket. Both the defendant and Mr. Green were placed under arrest and transported from the scene. While Officer Ward was transporting the defendant from the scene to the police department, as captured on his dash camera footage, he commented that the defendant was, "just about the most cooperative person I've dealt with."

Mr. Green was subsequently charged in Clinton County, Missouri with possession of a controlled substance as well as unlawful use of a weapon (Case no. 19CN-CR00395-01). A review of the charging and plea documents indicates the defendant entered a guilty plea to possession of a controlled substance and the prosecuting attorney dismissed the unlawful use of a weapon count.

The defendant disavowed knowledge of the firearm from the initial encounter with Officer Ward and maintained this position when being interviewed by Detective/Task Force Officer Miller with the ATF. Given that the firearm was located between Mr. Green's passenger seat and the center console, and that Mr. Green was ultimately charged in state court with possession of the firearm recovered from the vehicle, the Government does not believe there is sufficient evidence that the defendant knew of the firearm in the vehicle. In addition, the defendant's consistent denial of knowledge of the firearm juxtaposed against his thorough and transparent cooperation with the officers on scene suggests he truly was not aware of the firearm's presence in his vehicle. On this basis, and bearing in mind the language of Application Note 11A, the Government respectfully submits it is improbable that the firearm was connected with the defendant's offense of possession with intent to distribute methamphetamine.

### D.     *Sentencing Factors under 18 U.S.C. § 3553(a).*

To properly sentence the defendant, the Court must deduce a "reasonable" sentence which is presumed, but not required to be, within the advisory Sentencing Guidelines, and takes into account the sentencing factors described in 18 U.S.C. §3553(a). *United States v. Farmer*, 647 F.3d 1175, 1178-9 (8th Cir. 2011). The Government is seeking a sentence at the top of the Sentencing Guidelines range based on the factors enumerated in 18 U.S.C. § 3553, including the nature and circumstances of the offense, the defendant's history and characteristics, the need to promote respect for the law and to provide just punishment for the offense, the need to afford adequate

deterrence to criminal conduct, and the need to protect the public from the defendant's future crimes.

First, the nature and circumstances of the offense are serious and support a sentence at the top end of the sentencing guidelines range. It is uncontested that the defendant was in possession of approximately 87 total grams of methamphetamine on the date of his arrest. This amount of methamphetamine, coupled with the defendant's criminal history, demonstrate the defendant's long-standing involvement with methamphetamine and his inability to comply with the law. As is outlined in the PSR, the defendant has an extensive criminal history that is almost entirely related to the use, manufacture and distribution of methamphetamine.

Given the defendant's history and characteristics combined with the underlying seriousness of the instant case, there is a significant likelihood that the defendant will reoffend. As such, the need to afford adequate deterrence and the need to protect the public from the defendant's future crimes are both particularly relevant factors that support a sentence at the top end of the guidelines range.

Taking all of these factors together, a sentence at the top end of the Guidelines Range is reasonable and appropriate.

*E.* *Conclusion*

Based on all of the above factors, the Government respectfully requests the Court impose a sentence at the top end of the Sentencing Guidelines range, followed by five years of supervised release. This recommendation will address the sentencing factors set forth in 18 U.S.C. §3553(a).

        Respectfully submitted,

        Timothy A. Garrison
        United States Attorney

By:   */s/ Mary Kate Butterfield*
       Mary Kate Butterfield (Illinois # 6306477)
       Special Assistant United States Attorney

       Charles Evans Whittaker Courthouse
       400 East 9th Street, Suite 5510
       Kansas City, Missouri 64106
       Telephone: (816) 426-3122

**CERTIFICATE OF SERVICE**

   The undersigned hereby certifies that a copy of the foregoing was delivered on May 22, 2020, to the CM-ECF system of the United States District Court for the Western District of Missouri for electronic delivery to all counsel of record:

                    */s/ Mary Kate Butterfield*
                    Mary Kate Butterfield
                    Special Assistant United States Attorney